IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DUSTAN RYAN KILLINGSWORTH, #02185808, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:23-cv-446-JDK-JDL |
| RAINS COUNTY COURT, et al., | § § § | |
| Defendants. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On October 17, 2023, the Magistrate Judge issued a Report recommending that the case be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), due to the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994). Docket No. 9. The Plaintiff has filed a written objection to the Report. Docket No. 16.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D.N.Y. Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

The Magistrate Judge recommended dismissal because Plaintiff's complaint challenges a standing criminal conviction and is therefore barred from federal review in a civil rights action pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's submission lodges a vague and insubstantial objection to dismissal, but it does not identify any error in the Magistrate Judge's analysis or conclusions.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct, and Plaintiff's objections are without merit.  Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 9) is **ADOPTED** as the opinion of the Court. Plaintiff's objections are **OVERRULED**, and this case is **DISMISSED** with prejudice. Any pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **29th** day of **November, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE